

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FILED

~~R 27   PM 4: 47

CLERK U.S. DISTRICT COURT
LE DISTRICT OF FLORIDA
TAMPA, FLORIDA

PARK-LINCOLN & CROYLE
MARKETING, INC., etc.,

        Plaintiff,

v.

COASTAL SALES ASSOCIATES, INC., etc.,

        Defendant.
_____/

COASTAL SALES ASSOCIATES, INC., etc.,

        _____,

v.

JOSEPH CROYLE and LAR PARK LINCOLN,

        _____.
_____/

Florida Case No. *8:00 mc-41-T-17c*

United States District Court
for the Southern District of
New York

Honorable Barrington D. Parker

Case No. 99 Civ. 4583

**NON-PARTY MORGAN HARE'S MOTION TO QUASH SUBPOENA**

    The Non-Party, MORGAN HARE, by and through the undersigned counsel and pursuant

to Rule 45(c)(3)(A)(i) and (iv) of the Federal Rules of Civil Procedure, hereby moves this Court for

the entry of an order quashing the "Subpoena In A Civil Case" served on the Non-Party, Morgan

Hare, and attached as Exhibit A to this motion, on the ground that Ms. Hare has surgery scheduled

for the date and time set forth in the subpoena, as more fully explained in the following

T4040

1

memorandum. In addition, the subpoena was served today, Thursday, April 27, 2000, and the deposition is set for tomorrow, Friday, April 28, 2000.

WHEREFORE, Morgan Hare respectfully requests that this Court quash the subpoena.

## MEMORANDUM IN SUPPORT OF
## NON-PARTY MORGAN HARE'S MOTION TO QUASH SUBPOENA

The Non-Party, Morgan Hare, by and through the undersigned counsel and pursuant to Local Rule 3.01 of the Rules of the United States District Court for the Middle District of Florida, hereby submits this her "Memorandum In Support Of Non-Party Morgan Hare's Motion To Quash Subpoena".

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides in part:

On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 ...or
 (iv) subjects a person to undue burden.

Ms. Hare was served with a subpoena in the above-styled case today, April 27, 2000, which sets her deposition for tomorrow, Friday, April 28, 2000 at 10:00 a.m. Ms. Hare had previously scheduled surgery which requires her to be at the hospital tomorrow at 5:30 a.m. for surgery set for 7:30 a.m. The surgery is expected to last four hours. As such, Ms. Hare will not be able to appear for the deposition tomorrow. The subpoena fails to allow reasonable time for compliance and subjects Ms. Hare to undue burden. Ms. Hare has offered to reschedule the deposition.

WHEREFORE, for the foregoing reasons, the Non-Party, MORGAN HARE, respectfully requests that this Court quash the subpoena.

## CERTIFICATE UNDER LOCAL RULE 3.01(g)

The undersigned counsel certifies that she has conferred with Charles Ross, local counsel for the party that served the subpoena, in a good faith effort to resolve this matter and that counsel have been unable to agree on the resolution of the motion.

Respectfully submitted,

*Tama K. Retherford*

G. Donovan Conwell, Jr.
Florida Bar No. 371319
Guillermo A. Pernas, Jr.
Florida Bar No. 0000574
Tama K. Retherford
Florida Bar No. 612870
Fowler, White, Gillen, Boggs,
Villareal and Banker, P.A.
Post Office Box 1438
Tampa, Florida 33601

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2000, a true and correct copy of the foregoing was furnished by facsimile and U.S. Mail to Charles Ross, Holland & Knight, Post Office Box 3542, St. Petersburg, FL 33731; Robert A. Vort, 45 Central Avenue, P.O. Box 142, Tenafly, New Jersey 07670-0142; and Jonathan R. Nelson, Rae & Nelson, LLP, 405 Park Avenue, 12th Floor New York, NY 10022-4405.

*Tama K. Retherford*

Attorney

AO 88A (Rev. 1/94) Subpoena in a Civil Case

**RECEIVED**
TIME: ~~3:25pm~~
DATE: 4-12-00

### Issued by the
## UNITED STATES DISTRICT COURT

**SERVICE**
TIME: ~~11:45~~
DATE: ~~4-22-00~~
BY:

_____ MIDDLE _____ DISTRICT OF _____ FLORIDA

PARK-LINCOLN & CROYLE MARKETING, INC.
etc.,

### SUBPOENA IN A CIVIL CASE

V.

COASTAL SALES ASSOCIATES, INC., etc., et al. CASE NUMBER:   99 Civ. 4583 (S.D.N.Y

V.

JOSEPH CROYLE AND LAR PARK LINCOLN

(Hon. Barrington D. Parker Jr.)

TO:   **Morgan  Hare**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Holland & Knight LLP, 200 Central Avenue, 16th Floor, St. Petersburg, Florida (727) 896-7171 | DATE AND TIME   Friday, 4/28/2000 at 10:00a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE   April 12, 2000 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Charles W. Ross, Esquire; Post Office Box 3542, St. Petersburg, FL  33731
(727) 824-6155

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

action is pending in district other than district of issuance, state district under case

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.